## STEINER v. UNITED STATES (No. 928).[1]

FILING CLAIM FOR ALLOWANCE ON CONDEMNED GOODS.

From the record it appears that certain fruit was condemned on August 12. The claim for an allowance on the fruit so condemned was made prior thereto, on August 11. But the statute requires notice shall be given by the importer in such cases, after, not before condemnation. The notice was insufficient.

United States Court of Customs Appeals, February 18, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29010 (T. D. 32655).

[Affirmed.]

*Brown & Gerry* for appellant.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The only question raised by the appeal in this case is whether the appellant is entitled to an allowance for 2 boxes and 17 half boxes of lemons, which were condemned by the board of health. It is not claimed that they were not so condemned within 10 days after landing.

On the 11th day of August, 1910, the importer lodged with the collector at the port of New York a written notice in which he stated that 19 packages of the importation, as follows:

| | Lemons. |
|---|---|
| Line 180...................................................box.. | 1 |
| Line 182..............................................half boxes.. | 17 |
| Line 186...................................................box.. | 1 |
| Total packages in all................................. | 19 |

had been seized by the board of health and therein asked that the duty on said merchandise be returned under the provisions of subsection 22 of section 28 of the tariff act of August 5, 1909.

Thereupon and on the same day the collector referred this notice and application to the surveyor of the same port asking that an investigation and report be made in writing by the proper officers as provided in said subsection upon the following points: (1) As to the identity and quantity of the fruit condemned; (2) date of condemnation by the board of health officers; (3) whether such condemnation was within 10 days after landing.

Under date of August 20, the proper officers reported that 19 packages, consisting of the same lines and the same number and size of boxes as stated in the importer's notice were condemned by the board of health on August 12, 1910, and that the condemnation was within 10 days after landing.

The board of health gave a certificate, which was introduced in evidence without objection, the substance of which is that in August,

---

[1] Reported in T. D. 33219 (24 Treas. Dec., 300).

1910, 2 boxes and 17 half boxes of lemons consigned to the importer by the same steamship which brought the importation in question were condemned, and it is assumed that this certificate relates to the merchandise in this case.

The importer testified that on the 11th day of August he received notice by telephone from some one, not appearing to have authority relating thereto, that these goods had been seized by the board of health and as a result of such information caused the before-mentioned notice to be filed.

Other than as above stated there was no evidence before the board touching the date of condemnation of the goods. The board thereupon found they were seized August 12, 1910, held that the importer's notice and application for allowance was not filed within 24 hours *after* condemnation of the fruit, and accordingly overruled the protest. In its decision the board did not find the exact date of condemnation, unless it used the word "seized" as synonymous with "condemned."

The material part of subsection 22 of section 28 reads as follows:

SEC. 22. * * * Where imported fruit or perishable goods have been condemned at the port of original entry within ten days after landing, by health officers or other legally constituted authorities, the importers or their agents shall, within twenty-four hours after such condemnation, lodge with the collector, or the person acting as collector, of said port, notice thereof in writing, together with an invoice description and the quantity of the articles condemned, their location, and the name of the vessel in which imported. Upon receipt of said notice the collector, or person acting as collector, shall at once cause an investigation and a report to be made in writing by at least two customs officers touching the identity and quantity of fruit or perishable goods condemned, and unless proof to ascertain the shortage or nonimportation of fruit or perishable goods shall have been lodged as herein required, or if the importer or his agent fails to notify the collector of such condemnation proceedings as herein provided, proof of such shortage or nonimportation shall not be deemed established and no allowance shall be made in the liquidation of duties chargeable thereon.

The importer's argument proceeds upon the theory that the merchandise must have been actually seized on the 11th day of August or he would not have been able to have correctly designated the lines and number of boxes, as he concededly did in his notice, and assumes that such seizure is equivalent to a condemnation, and therefore that the goods were condemned on the 11th day of August.

He further contends that if not condemned until the 12th day of August the notice, although given before such condemnation, serves the purpose contemplated by the statute, namely, to enable the collector to satisfy himself as to the actual facts in the case; and that, even if the goods were actually condemned *after* the receipt of the notice, the importer was nevertheless entitled to receive the allowance and benefit provided for in said subsection 22.

As to the contention that because a notice, correct in its description of the goods, was given on the 11th day of August, it should be presumed that the condemnation was made that day, it is sufficient to say that the report of the customs officials which was admitted in evidence without objection positively states that they were con-

demned on the 12th day of August. To obtain a finding of fact contrary to this report, either before the board or in this court, it would be incumbent upon the importer to produce some evidence legitimately tending to rebut the same other than the inference arising from the act of the importer before mentioned. Such other evidence, if in existence, doubtless could have been obtained from the proper health authority, which exercised the power of condemnation, but it was not produced.

We conclude on the whole record that the property was *condemned* on the 12th day of August.

Congress has seen fit in this class of cases to provide that the importer shall give notice and make his claim for restitution of duty *after* condemnation, not *before* condemnation. It may be visiting a hardship on this importer to say that his notice presented before condemnation was premature and that therefore he is not entitled to the benefit of the statute, yet we see no other alternative.

The language of the statute is plain that the notice shall be given within 24 hours *after condemnation*. At the time this notice was given there had been no condemnation, and therefore the occasion for giving it had not happened and the right to give it and obtain the resulting benefits had not accrued. There might never be any condemnation, and until there was the importer had no right to put the machinery of the Government in motion for an allowance to which he was not yet and might never be entitled.

The judgment of the Board of General Appraisers is *affirmed*.